UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUZANNE CAREY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PIERCE COUNTY SUPERIOR COURT DOMESTIC VIOLENCE UNIT; W. STEVE GREGORICH; MICHELLE LUNA-GREEN; CHARLENE MANNING; and DAN LADENBERG,<br><br>　　　　　Defendant. | CASE NO. C11-5828RJB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

　　This matter comes before the court on Defendants' 12(b)(1) and 12(b)(6) Motion to Dismiss and Motion to Limit Plaintiff's Filings (Dkt. 13). Upon transfer of this case to the undersigned on February 13, 2012, the Court has reviewed the entire file and the file in Cause Number C10-5592BHS, with particular attention being paid to the Complaint in both cases, the Order Granting Defendants' Motion to Dismiss in C10-5592BHS, and the documents filed in support of and in opposition to the pending motion. The court is fully advised.

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS- 1

1   The Complaint in this case is functionally identical to the Complaint filed in Cause Number C10-5592BHS, except that plaintiff has added an additional party.  Compare Dkt 3 and C10-5592BHS at Dkt. 12.  The Complaint in this case fails to state a claim upon which relief can be granted in this Court, and therefore must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

In Cause Number C10-5592BHS, Defendants moved to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6).  See C10-5592BHS at Dkt. 21.  Plaintiff failed to respond and the court entered an Order to show cause that reserved ruling on the motion to dismiss and ordering Plaintiff to show why her claims should not be dismissed for the reasons stated in Defendants' motion.  See C10-5592BHS at Dkt 28.  Plaintiff was advised of her obligations in the face of a Rule 12(b)(6) motion.  *See* Cause No.  C10-5592BHS at Dkt. 28.  Plaintiff's response failed to meet her obligations and the court granted Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  See C10-5592BHS at Dkt. 31.

Although Plaintiff claims that the dismissal was without prejudice, a dismissal under Rule 12(b)(6) for failure to state a claim constitutes a judgment on the merits.  See *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n. 3 (1981).  The order granting Defendants' motion to dismiss was on the merits and with prejudice as to question of whether the Complaint stated a claim upon which relief could be granted.  *See* C10-5592BHS at Dkt. 31.

The Ninth Circuit Court of Appeals has held that a dismissal with prejudice entered pursuant to Rule 12(b)(6) for failure to state a claim on which relief can be granted is a "judgment on the merits" to which the doctrine of claim preclusion applies. S*tewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002); H*ells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005).

The doctrine of *res judicata*, or claim preclusion, bars any future claims that were raised, or could have been raised, in a prior action. *Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir. 2001). In order to bar a later suit under the doctrine of *res judicata*, adjudication must (1) involve the same claim as the later suit; (2) have reached a final judgment on the merits, and (3) involve the same parties or their privies. *Headwaters, Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1052 (9th Cir. 2005). *Res judicata* can be asserted against a party to a prior case by a stranger to the original case. *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996).

The Complaint in this case involves the same claims as Cause Number C10-5592BHS, and a final judgment on the merits of that Complaint as to whether it stated a claim was reached, and this case involves the same parties, with the additional party who was in privity with the parties to the earlier case and could have been sued in the earlier case.

The instant action is subject to res judicata and subject to dismissal.

The rules of collateral estoppel also apply here. Collateral estoppel or issue preclusion may be applied only when "an issue is actually and necessarily determined by a court of competent jurisdiction...." *Frank v. United Airlines*, 216 F.3d 845, 853 (9th Cir. 2000). "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir. 1995). Collateral estoppel applies only where it is established that (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.

*Trevino v. Gates*, 99 F.3d 911, 923 (1996). "The party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment." *Offshore Sportswear, Inc. v. Vuarnet International, B.V.*, 114 F.3d 848, 850 (9th Cir.1997).

The issue here - whether the Complaint states a claim upon which relief can be granted - is functionally identical to the same issue in the earlier case. The earlier case was decided by a final judgment on the merits of that issue, and it involved the same parties and one additional individual who is in privity with the parties defendant in the first proceeding.

The instant action is barred by collateral estoppel and subject to dismissal.

In addition to the rules of *res judicata* and collateral estoppel, it is clear to the Court that the Complaint in this case fails to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 8(a) states, "A pleading that states a claim for relief must contain: (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's Complaint is neither short nor is it a plain statement of her claim showing that she is entitled to relief. The Court cannot decipher, from the Complaint, just who Plaintiff is trying to sue for exactly what. There is no plain statement of who violated exactly what rights of Plaintiff that would be cognizable in a federal court proceeding.

The Complaint does not state a claim upon which relief can be granted in this court, and accordingly, Defendants' Motion to Dismiss (Dkt. 13) should be **GRANTED**, and this case is **DISMISSED**.

The court will consider the Defendants' motion to limit plaintiff's filings in a separate order.

**IT IS SO ORDERED.**

1  The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2  to any party appearing *pro se* at said party's last known address.
3  Dated this 15th day of February, 2012.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS- 5